### GEORGE W. JOHNSON *vs.* GUILFORD WHITE.

The plaintiff in an action of contract sought to recover money which his declaration alleged that he had paid to the defendant in consideration of the defendant's promise to procure and pay bounties to four recruits to be enlisted into the military service of the United States and credited to a particular town; whereas the defendant had procured and paid bounties to only two such recruits. The defendant denied that he made such promise, and alleged that all he undertook to do was to see that four men who had been so enlisted were credited to that town. Under these pleadings all the evidence was introduced, including evidence as to whether the defendant did or did not procure two recruits to be credited to the town, who had already enlisted and to whom he paid no bounties; and the case was argued; and the judge instructed the jury that the contract alleged in the declaration was different from that alleged by the defendant, and that the plaintiff was bound to prove the contract alleged by him, in order to recover. After the charge to the jury, the judge allowed the plaintiff to file an amended count, seeking to recover the money for two recruits, as having been paid under a mistake of fact, in supposing that the defendant had obtained two men to be credited to the town; but declined to give additional instructions to the jury. *Held*, a mistrial as to the amended count.

CONTRACT. The original declaration alleged that the defendant owed the plaintiff seven hundred and fifty dollars for money received by the defendant to the plaintiff's use, and the bill of particulars charged the defendant with an item of three hundred and seventy-five dollars, money received by the defendant because he falsely represented that he had procured Andrew Sledge to enlist in behalf of the town of Brookfield in the United States' military service, and contained a similar item as to Samuel Smith.

The defendant in his answer denied receiving the money alleged, or any part thereof, or that he ever made any such false representations; and he alleged that the town of Brookfield deposited a certain sum of money, the property of the town,

with one McLellan at Washington, with directions to pay the same to the defendant whenever he should present a certificate from the Massachusetts state paymaster that a certain number of men had been credited to said town and paid the state bounty, or a certificate from the mustering officer that they had been so credited; that these certificates were presented, and the money was drawn by the defendant, and the certificates were sent to the plaintiff.

The plaintiff thereafter had leave to file an amended declaration, setting forth, in the first count thereof, that, in consideration that the plaintiff would pay fifteen hundred dollars to the defendant, the defendant promised the plaintiff to procure and pay bounties to four recruits and soldiers, at the rate of three hundred and seventy five dollars each, to be enlisted into the United States' military service, and credited to the town of Brookfield; and the plaintiff paid said sum; and the defendant had not procured and paid bounties to four recruits and soldiers as aforesaid, but only to two.

A second count of the amended declaration alleged that the defendant owed the plaintiff seven hundred and fifty dollars for money received by the defendant to the plaintiff's use; with a bill of particulars charging the defendant with money received by the defendant with which to procure and pay four recruits and soldiers to be enlisted into the United States' military service and credited to the town of Brookfield, at three hundred and seventy-five dollars each, fifteen hundred dollars; with a credit of seven hundred and fifty dollars, paid for two such recruits.

The answer to this amended declaration simply denied that the defendant made the contract declared on; and the trial in the superior court, before *Putnam*, J., proceeded upon this issue. The plaintiff introduced evidence tending to prove that the defendant made the contract recited in the declaration; and that he paid the defendant fifteen hundred dollars, for the purpose of paying the men and his own expenses; and that the defendant had furnished only two men in compliance with the contract. The defendant admitted, at the outset of the trial, that, if the

contract alleged by the plaintiff had been made by him, he had not complied with it, and the plaintiff was entitled to recover but contended that all he undertook to do was to save Brookfield from a draft, by seeing that four men who had been enlisted into the service of the United States were credited to that town; and introduced evidence tending to prove that the contract was such as he alleged, and that, besides two men whom it was not denied that he had procured, he had also procured the crediting to Brookfield of two other men named Andrew Sledge and Samuel Smith, who had been enlisted into the service of the United States.

The plaintiff denied that Sledge and Smith had been credited to that town through the agency of the defendant; and much evidence was introduced on this point by both parties.

The judge instructed the jury that the plaintiff was bound to satisfy them that the contract which he alleged in his declaration was the one which the defendant made; that, if they were satisfied that it was so, they must find for the plaintiff; that the defendant admitted that he had not complied with it, and consented that they should so find; that the defendant's answer was a simple denial of any such contract; that a contract to procure the enlistment of men and credit them to Brookfield and pay them bounties, and a contract to procure credits simply, were different contracts; and that, if they found that the contract alleged was not made, the question whether the defendant did or did not furnish the credits became immaterial.

After the charge to the jury, the judge allowed the plaintiff to file an additional amended declaration, for seven hundred and fifty dollars received by the defendant to the plaintiff's use, with a bill of particulars charging the defendant with " amount paid under mistake of facts to the defendant, supposing the defendant had obtained two men to be credited to town of Brookfield, $750 ' The plaintiff then asked for certain additional instructions; which the judge declined to give, on the ground that he had already instructed the jury sufficiently upon the issue which they were to find.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*E. H. Abbot,* for the plaintiff.

*A. W. Boardman,* for the defendant.

WELLS, J. There is no good cause for exceptions to the rulings and instructions of the court, if applied only to the issue raised by the pleadings upon which the case stood during the trial.

After the arguments and charge had been made, the court might properly have refused the amendment. But having, in its discretion, allowed it to be filed, and thus to become a part of the issue, such instructions should have been given as would enable the jury to pass understandingly upon all the questions before them. The court, however, refused to give any further instructions, holding that those already given were applicable and sufficient for the case. Both counts upon which the case had been tried were based upon an alleged contract to procure enlistments, which the defendant admitted he had not fulfilled, if he made such a contract. The count and bill of particulars allowed to be filed sought to recover back money paid without consideration under a mistake of facts. It was not based at all upon the contract set out in the first count, and required no proof of any previous contract to support it. Upon the instructions which had been given, if the jury found that there was no previous contract between the parties, such as was set out in the first count, their verdict must be for the defendant on all the counts alike. The result would be, that the verdict would conclude the rights of the parties upon the claim set out in the last count, when in point of fact it had not been tried, nor any question involved in it ever passed upon by the jury.

The instructions asked for may not have been suitable. It is difficult to see how any instructions could have been given, in the condition in which the case then stood as to the evidence, which would have enabled the jury properly to consider the issue presented by the amended declaration. Most clearly the instructions, under which they were required to consider it, were entirely inapplicable. So far, therefore, as that count is concerned, it was simply a mistrial.

But this result comes from no fault of the defendant. He

would have been entitled to hold his verdict upon the origina.
counts, but for the mistrial upon the last amended count; for
which the plaintiff's counsel was chiefly responsible. The par-
ties should stand, therefore, as nearly as may be, in the same
position as if judgment had been rendered for the defend-
ant upon the original counts, and the plaintiff had brought a
new suit upon the cause of action set forth in the amend-
ment.

Accordingly the exceptions are to be sustained, and a new
trial granted upon the last amended count, upon condition that
the plaintiff pay all costs of suit up to the time of filing that
count, and recover no costs previous to that time, in any event.
Otherwise, and as to all the other counts, the exceptions are
to be overruled, and the verdict for the defendant to stand
affirmed.